IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE VEAZEY, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-0182-L |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM ORDER**

Defendant Allstate Texas Lloyd's has filed a motion to exclude the testimony of Judith A. Kostura, an attorney designated by plaintiffs as an expert on issues relating to insurance industry subrogation practices and the "Made Whole Doctrine."[1] As grounds for its motion, defendant contends that Kostura cannot give expert testimony on questions of law. Plaintiffs were ordered to file a written response to the motion by March 2, 2006, but failed to do so. The court therefore decides the motion without the benefit of a response.

"[M]erely being a lawyer does not disqualify one as an expert witness." *Askanase v. Fatjo*, 130 F.3d 657, 672 (5th Cir. 1997). While attorneys may not offer expert testimony on pure questions of law, they may testify as to mixed questions of law and fact. *Id.*; *see also Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, No. 3-98-CV-2996-D, 2002 WL 1751381 at *34 (N.D. Tex. Apr. 4, 2002). The precise nature of Kostura's testimony is not apparent from the limited record before the court. In their

---

[1] Under Texas law, an insured may not claim a subrogation interest "if the insured's loss is in excess of the amounts recovered from the insurer and the third party causing the loss." *Ortiz v. Great Southern Fire Ins. and Cas. Co.*, 597 S.W.2d 342, 343 (Tex. 1980). In this action, plaintiffs seek a declaratory judgment that defendant has no legal or equitable subrogation rights against two third-party tortfeasors, Toyota Motor Sales U.S.A., Inc. and Sewell Corporation, because plaintiffs were not "made whole" by the combined money they received from their homeowner's insurance policy and proceeds paid by Toyota and Sewell in settlement of a products liability case.

Rule 26(a)(2) disclosures, plaintiffs state only that Kostura is an "[e]xpert specializing in insurance industry subrogation practices and related doctrines, specifically including the 'Made-Whole Doctrine.'" (*See* Plf. Exp. Discl. at 2, ¶ 1(g) & 3, ¶ 2(a)). Neither party has furnished the court with Kostura's Rule 26(a)(2)(B) expert report.[2]  Without knowing exactly what this witness will testify to, the court is unable to determine whether her testimony involves pure questions of law or mixed questions of law and fact.

For these reasons, defendant's motion to exclude the testimony of Judith A. Kostura is denied without prejudice. Defendant may reurge its motion, if appropriate, after the court rules on the pending motions for summary judgment.

SO ORDERED.

DATED: March 6, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Fed. R. Civ. P. 26(a)(2)(B) provides, in pertinent part:

> Except as otherwise stipulated or directed by the court, [the disclosure of expert witnesses] shall . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.